**Case no.** 05 Civ. 4397 (LAK)

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

Robert Wilson

Plaintiff,

**AMENDED COMPLAINT**

*Versus*

Florence Anthony

Defendant.

---

Plaintiff, Robert Wilson, in his capacity as a manager of Dottie Publishing LLC, hereby alleges, by his attorney, M. Bradford Randolph, the following cause of action against the Defendant, Florence Anthony.

**Cause of Action:** Breach of contract.

1. Plaintiff, Robert Wilson, resides at 5012 Daylily Ct., Fort Worth, TX. 76123 ("**Wilson**"). Wilson was born in Fort Worth, TX in November 1972 and has continued to reside in the State of Texas through the date of this amended complaint. Wilson maintains and has maintained a home only in the State of Texas and works, and has worked on a continuous basis, only in the State of Texas. Wilson is thus domiciled in the State of Texas and is a citizen of the State of Texas.
2. Based on information and belief, Defendant, Florence Anthony, resides at 72 East End Ave, Apt.3S, New York, NY 10028, is domiciled in the State of New York and is a Citizen of the State of New York ("**Anthony**").
3. On April 7, 2004, Dottie Publishing LLC, a Delaware Limited Liability Company, was formed ("**Dottie Publishing**").

4. On or about May 6, 2004, based on information and belief, seven individuals resolved to ratify the organization of Dottie Publishing.

5. On or about May 6, 2004, said seven individuals also agreed to the terms of an operating agreement ("**Operating Agreement**") by which they each became members of Dottie Publishing.

6. The aforesaid seven individuals are named below, as well as each person's initial capital contribution and his or her initial ownership interest in Dottie Publishing:

   (a) Wilson: $100,000/51%.

   (b) Greene: $55,000/28%.

   (c) Anthony: $0.0/13.5%.

   (d) Eric Dunn, whose address is 3100 Main Street, Dallas, TX. 75226: $4,269.20/2.0%.

   (e) LaCarl Satcher, whose address is WBS Corporation, 13237 Montfort Drive, Ste. 535, Dallas, TX. 75240: $4,269.20/2.0%.

   (f) Myron Mims, whose address is 2633 McKinney Ave.,Ste. 130-400, Dallas, TX 75204: $4,269.20/2%.

   (g) Marilyn Bell, whose address is 113 Torrington Lane, Willingboro, NJ. 08046: $0.0/1.5%.

7. Pursuant to the Operating Agreement, based on information and belief, the following members were appointed as Managers of the Company, namely, Wilson, Greene, Anthony, Marilyn Bell, Eric Dunn and LaCarl Satcher.

8. Pursuant to the Operating Agreement, based on information and belief, a manager cannot issue any check on behalf of Dottie Publishing in excess of two thousand dollars unless such check is approved in advance by vote of the members owning at least 75% of the Company.

9. Pursuant to said Operating Agreement, based on information and belief, the members agreed to interpret the Operating Agreement pursuant to the Laws of the State of Delaware.
10. On or about May 13, 2004, Dottie Publishing purchased and/or assumed from Flash Publishing, Inc., a New York Corporation having an address at 250 west 57th Street, New York, New York 10107 ("**Seller**"), the licensed trademark "Black Elegance" and associated obligations, including associated goodwill, the Seller's license agreement and distribution agreement with Kable News Company, Inc., an Illinois Corporation, and all insertion orders for advertisements received prior to the sale date, all of which assets were to be used by Dottie Publishing to take over the publishing of Black Elegance magazine ("**BE**").
11. Since on or about May 13, 2004, one or more issues of BE were distributed at newsstands, including the issue dated Winter 2005.
12. Since on or about October 2004, based on information and belief, Anthony has been managing the publication of BE.
13. BE's business address is 100 Park Avenue, Suite 1600, New York, NY 10017.
14. Based on information and belief, Anthony issued payments of money in pursuing said publication activities.
15. Based on information and belief, one or more of said payments exceeded $2,000.
16. Based on information and belief, said payment(s) in excess of $2,000 were not approved in accordance with the rules of the Operating Agreement.
17. Based on the above, such action(s) by Anthony was a breach of the operating agreement.
18. Anthony's action(s) in issuing payments in excess of $2,000 allowed her to take management control of BE beyond that authorized by the Operating Agreement.

19. Said actions by Anthony resulted in her usurping the roles of the other managers, in effect taking control of BE without the approval required by the Operating Agreement.
20. Plaintiff claims that Anthony's breach of the Operating Agreement has damaged his investment, and the anticipated profit therefrom, and has resulted in his being unable to earn compensation from Dottie Publishing, causing him damages of approximately $300,000, with the specific amount thereof to be determined during the discovery process.
21. Anthony has intentionally wrested control of Dottie Publishing from Plaintiff, acting outside and beyond her role as manager.
22. Anthony has refused to attend one or more meetings of the managers and meetings of members.
23. Anthony continues to block communication with the Plaintiff, who own 51% of the ownership interests in Dottie Publishing.
24. Anthony's actions, being gross and deliberate, demonstrate a high degree of moral culpability, justifying auxiliary damages in the amount of $300,000.
25. The Court has jurisdiction in this matter under the rules of diversity of citizenship in Title 28 of the U.S. Code, Part IV, Chapter 85, Section 1332(a)(2).
26. Plaintiff designates the Southern District of New York as the place of trial (venue) pursuant to U.S. Code, Part IV, Chapter 87, Section 1391(a)(1), (a)(2) and (a)(3).

[The remainder of this page has been left intentionally blank.]

**Judgment(s) requested:**

WHEREFORE, Plaintiff, Robert Wilson, ask that this Court enter Judgment as follows:

A. Plaintiff shall be awarded compensatory damages of approximately $300,000.

B. Plaintiff shall be awarded auxiliary damages of $300,000.

C. Such other relief as is just and proper, including declaratory and/or injunctive relief.

Respectfully submitted:

/s/ M. Bradford Randolph

______________________________

M. Bradford Randolph  MR-9722
Signature of Attorney for Plaintiff
Attorney Reg. no. 235-7564

Dated: May 19, 2005

M. Bradford Randolph, Esq.
445 Park Avenue, 14th Floor
New York, NY 10022

Telephone: (212) 759-0097